# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO.: 0:17-CV-60211

**JOHN MOUTREY, and All Others Similarly Situated**,

    Plaintiff,

vs.

**FORT LAUDERDALE TRANSPORTATION, INC. d/b/a USA TRANSPORTATION SERVICES, and MICHAEL SOLOMON,**

    Defendants.

_____/

**Served On:**
William H. Bodenhamer, Registered Agent of
FORT LAUDERDALE TRANSPORTATION, INC.
d/b/a USA TRANSPORTATION SERVICES

1330 SE 4th Avenue
Suite A
Fort Lauderdale, FL 33316

MICHAEL SOLOMON
1330 SE 4th Avenue
Suite A
Fort Lauderdale, FL 33316

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN MOUTREY, through his attorneys, sues Defendants, FORT LAUDERDALE TRANSPORTATION, INC. d/b/a USA TRANSPORTATION SERVICES and MICHAEL SOLOMON, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 29 U.S.C.A. § 216(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 201, *et seq.* ("FLSA").

2. Venue is appropriate in this judicial district under 28 U.S.C.A. § 1391(b).

## PARTIES

3. Plaintiff, JOHN MOUTREY ("Moutrey"), is a resident of Broward County Florida and a former employee of Defendants.

4. Defendant, FORT LAUDERDALE TRANSPORTATION, INC. d/b/a USA TRANSPORTATION SERVICES ("FTL Transportation"), is a corporation formed under Florida law. Its principal place of business is in Broward County Florida.

5. Defendant, MICHAEL SOLOMON ("Solomon") is an individual who resides in Broward County Florida.

## INTRODUCTION

6. Plaintiff was a transportation service chauffer working for

Defendants. During Plaintiff's tenure with Defendants, Plaintiff worked substantial overtime for which Plaintiff was not compensated. Plaintiff brings this action to recover the overtime owed under the FLSA.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff was hired by Defendant FTL Transportation as a transportation service chauffer on or about August of 2001.

8. Upon being hired, Plaintiff was given an hourly rate of $10.00.

9. Upon information and belief, Defendants, at all times material hereto, employed individuals who regularly were and are engaged in commerce.

10. Defendants, upon information and belief and during the relevant time period, had annual gross volume of business done in an amount not less than $500,000.00.

11. By reason of the paragraphs 11 and 12, Defendant was and is an enterprise engaged in commerce as defined by § 203(r&s) of the FLSA.

12. Solomon is a manager of FTL Transportation, and directed the activities of the Plaintiff.

13. Solomon had authority to hire and fire employees, including the Plaintiff and made all decisions regarding compensation.

14. FTL Transportation was aware of the Fair Labor Standards Act and its requirements.



15. FTL Transportation willfully failed to comply with the requirements of the Fair Labor Standards Act.

16. All conditions precedent have been performed, excused or waived.

17. Moutrey has engaged the services of the undersigned counsel and has agreed to pay undersigned counsel a reasonable attorney's fee and re-imbursement of costs advanced to prosecute this claim.

## COUNT I
(Violation of the FLSA)

18. In the course of employment with the Defendants, Moutrey's workweek usually exceeded 40 hours.

19. During those work weeks when Moutrey worked in excess of 40 hours per week, Moutrey was not paid time and one half his regular rate of pay for all hours worked in excess of 40 hours per week.

20. Defendants employed Moutrey in the aforesaid enterprise for workweeks longer than 40 hours and willfully and knowingly failed to compensate Moutrey for hours worked in excess of 40 hours per week at a rate of at least one and one-half times the regular hourly rate in violation of the requirements of § 207 of the FLSA.

21. Moutrey is entitled to be paid time and one half of his regular rate of pay for each hour worked in excess of 40 per work week.

22. As a direct and proximate result of Defendants' deliberate and willful failure to pay overtime wages in accordance with the FLSA, Ross has sustained compensatory damages, including loss of wages and unpaid overtime compensation and has had to incur costs and reasonable attorney's fees.

**Wherefore**, JOHN MOUTREY demands judgment in his favor and against FORT LAUDERDALE TRANSPORTATION, INC. d/b/a USA TRANSPORTATION SERVICES and MICHAEL SOLOMON awarding unpaid overtime compensation, liquidated damages, costs and reasonable attorney's fees pursuant to § 216 of the FLSA.

## DEMAND FOR JURY TRIAL

23. JOHN MOUTREY demands trial by jury on all issues so triable.

Respectfully submitted,

**BARAKAT LAW, P.A.**
2701 PONCE DE LEON BOULEVARD, SUITE 202
CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 444-3114
FACSIMILE: (305) 444-3115

By: /s/Nory M. Acosta-Lopez
NORY M. ACOSTA-LOPEZ
FLORIDA BAR NO. 20637